

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

TERI SPRENTALL, )
           )
        Plaintiff, )     No. 06 c 132
           )
v. )     Magistrate Judge Cole
           )
MSL, Inc., et al., )
           )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

The defendants have filed a motion for leave to file an amended answer. The motion consists of six sentences, spanning fourteen lines, in three paragraphs, unsupported by case law or reference to the Federal Rules of Civil Procedure. It contains no explanation of the legal principles applicable to the exercise of discretion in deciding a motion to amend an answer under the circumstances of this case, even though an exercise of discretion requires a consideration of the factors relevant to that exercise. *United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007) (Posner, J.). *See also United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)(Posner, J.); Henry Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747 (1982).

Undeveloped arguments, that are at best no more than the *ipse dixit* of counsel, are unacceptable. *See Plan Trust Funds v. Royal Intern. Drywall and Decorating, Inc.*, 493 F.3d 782, 789 (7th Cir. 2007); *R.J. Reynolds Tobacco Co. v. Cigarettes Cheaper*, 462 F.3d 690 (7th Cir. 2006); *Bretford Mfg., Inc. v. Smith System Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir.2005); *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005); *United States v. Cusimano*, 148 F.3d 824, 828 n.2 (7th Cir. 1998) ("'[P]erfunctory and undeveloped arguments...are waived.'"); *Sternberg v.*

*Debuys*, 1992 U.S.App. LEXIS 14606 (9th Cir. 1992) (one sentence was insufficient to raise issue). "'[I]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.'" *United States v. McLee*, 436 F.3d 751, 760 (7th Cir. 2006); *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002); *Spath v. Hayes Wheels Int'l-Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir.2000). And, although the motion is dependent upon statements purportedly made at a deposition of the defendants, the deposition testimony is not attached. All there is is the conclusory characterization of what occurred, even though unsupported statements in motions and briefs are not sufficient. *See United States ex rel. Feingold v. AdminiStar Federal, Inc.*, 324 F.3d 492, 494 (7th Cir. 2003); *IFC Credit Corp v. Aliano Brothers General Contractors, Inc.*,437 F.3d 606, 610-611 (7th Cir. 2006).

The defendants have been represented from the beginning of the case by the same counsel who signed the Answer that was filed on May 3, 2006. The claimed facts that were purportedly adduced *by the defendants at their own deposition*, were, given their nature, necessarily known to them at the time of the May 3rd Answer. No reason is given why the defendants ought to be allowed to amend that answer -- especially at this late date. Discovery has been extended several times. The last extension was at the request of the defendants due to a family emergency. Discovery was extended at that time to 10/31/07. The motion to amend the answer was filed on 11/1/07. On June 28, 2007, I ordered the final pretrial order to be submitted by November 21, 2007, with the trial to proceed on December 3, 2007. These dates were selected after consultation with counsel for the parties.

Accordingly, for the above reasons, the Motion to Amend [63] is Denied.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 11/5/07

3