# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERI SPRENTALL, | ) |
| Plaintiff, | ) No. 06 C 0132 |
| v. | ) Magistrate Judge Jeffrey Cole |
| MSL, INC., STEVE LOVE, BERLINA LOVE, WILFORD DAVIS, and PENELOPE DAVIS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The defendants, who prevailed in this litigation by virtue of a jury verdict on January 29, 2008, have filed a Bill of Costs pursuant to Fed.R.Civ.P. 54(d) in the amount of $2,082.40.

Under Fed.R.Civ.P. 54(d)(1), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Those "costs" are delineated in 28 U.S.C. § 1920: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987); *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir.2005). The taxation of costs against the losing party entails two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir.2000). A painstaking

judicial inspection of a bill of costs is unnecessary, however, because as Judge Posner has observed, there is a market constraint on running up excessive expenses. When incurring its expenses, the eventual prevailing party cannot be assured of victory and cannot assume that it will be reimbursed when the time comes to submit a bill of costs. Consequently, the uncertainty of litigation acts as a governor on spending. *Anderson v. Griffin*, 397 F.3d 515, 522 (7th Cir. 2005)

Here, the defendants seek two categories of costs: (1) court reporter fees and costs of transcripts obtained; and (2) photocopying. Both types of costs are allowable under the statute, 28 U.S.C. § 1920(2); (4), and the plaintiff does not argue otherwise. What the plaintiff does argue is that the defendants have failed to comply with 28 U.S.C. § 1924, that the costs sought for obtaining the transcript of Wilfred Davis's deposition were not necessary, and that the costs sought for copying are not itemized properly.

Under 28 U.S.C. § 1924, a party claiming costs must "attach . . . an affidavit, made by himself or his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case . . . ." The defendants have done just that, with their attorney swearing that the costs sought were necessarily incurred. Again, it is the losing party that is obliged to make an affirmative showing that costs are inappropriate. *Beamon*, 411 F.3d at 864. Plaintiff has failed to do that here.

Next, plaintiff questions the necessity of a transcript of the deposition of Wilfred Davis because the defendants did not call him as a witness at trial. This is one of the costs enumerated as costs allowable when "necessarily obtained for use in the case." 28 U.S.C. §1920(2); *Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). While the court may not tax the cost of transcripts provided merely for attorneys' convenience, the inquiry is not

2

whether the transcript was actually used in court or in a motion. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000); *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). *Ruth*, 7 F.3d 636, 645 (7th Cir.1993). "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993).

Mr. Davis was a defendant in this case, and it was the plaintiff who noticed and took his deposition. The defendants listed Mr. Davis as a "may call" witness. As it happened, the issues in this case were narrowed at the Final Pretrial Conference and Mr. Davis did not have to be called as a witness. But it is hindsight to say the transcript was unnecessary. "'The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)(*quoting Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985)). Plaintiff does not eve hint that the transcript might have been unnecessary at the time the defendants obtained it. The cost is allowed.

Finally, the defendants ask to recoup $191.70 in photocopying costs. Under 1920(4), the defendants are entitled to "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." The plaintiff finds fault with the defendants' failure to attach an itemization of their copying expenses to their Bill of Costs. The requirement of such an itemization is set forth clearly on the district court's Bill of Costs form. But defendants say they did not have to include one here because they did their photocopying in-house.

While a party seeking costs "is not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it "is required to

3

provide the best break down obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.1991). Otherwise, how is the court to determine if the copies were obtained for use in the case? Perhaps the defendants billed for unnecessary sets of papers or for copies solely for the convenience of attorneys. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir.2000). Without some form of itemization, there is no way to tell. And, contrary to the defendants' assertions in their reply brief, there is no exemption for in-house photocopying. *See Black and Decker v. Bosch Tools*, 2006 WL 3883921, *3 (N.D.Ill. Nov. 20, 2006)(accepting detailed explanation of in-house copying costs); *Shanklin Corp. v. American Packaging Machinery, Inc.*, 2006 WL 2054382, *5 (N.D.Ill. July 18, 2006)(rejecting blanket generalization regarding in-house copying); *Doing Steel, Inc. v. Castle Const. Corp.*, 2005 WL 563098, *3 (N.D.Ill. Mar. 3, 2005)(rejecting unitemized request for in-house copying costs as insufficient to determine whether the expenses were necessary); *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 982 (N.D.Ill. 2003)(accepting itemization grouping copies into categories); *Glenayre Electronics, Inc. v. Jackson*, 2003 WL 2194712, *3 (N.D.Ill. Aug. 11, 2003)(requiring explanation of in-house copying costs). Accordingly, the defendants' request for $191.70 for in-house copying costs is denied.

## CONCLUSION

For the foregoing reasons, the defendants' Bill of Costs [# 96] is allowed as modified. The defendants are awarded costs in the amount of $1890.70.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 2/25/08